IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARNELL KEEL and MERRITT GENTRY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HARVEY, *et al.*, <br><br> Defendants. | Case No. 09 C 6254 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' suit under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion is **granted**.

### I. BACKGROUND

Plaintiffs Darnell Keel ("Keel") and Merritt Gentry ("Gentry") (hereinafter, collectively, the "Plaintiffs") filed this action in state court in April 2007 against Defendants City of Harvey, Eric Kellogg, Sandra Alvarado and Steven Porter (hereinafter, the "Defendants"). After the Plaintiffs filed their Fifth Amended Complaint, Defendants removed the case to federal court. Plaintiffs Keel and Gentry have been police officers for the City of Harvey, Illinois, beginning in 1995 and 1996, respectively, and both achieved civil service status in 1997. In 2003, both were hired as commanders for the police department. In 2006, both were put on indefinite administrative leave with pay. Keel was on

administrative leave until November 2009. Gentry eventually received written reasons for his suspension over a year after the fact and was forced to resign.

Plaintiffs allege due process violations (Counts I-IV) under 42 U.S.C. § 1983 and Illinois law, claiming they were not given written reasons for the suspensions or a hearing, despite numerous requests, and that they were deprived of pension benefits, retroactive pay raises, welfare benefits, unused sick leave, and promotional opportunities. Plaintiffs also allege a civil conspiracy against them (Counts V-VI) under 42 U.S.C. § 1983 among City of Harvey Mayor Eric Kellogg, and city officials Sandra Alvarado and Steven Porter.

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), a court must dismiss a plaintiff's claim if it does not include sufficient facts to state a claim to relief that is plausible on its face. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir., 2009). In considering a motion to dismiss, a court must accept a plaintiff's allegations as true and view them, along with any reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Id.*

## III. DISCUSSION

Defendants' Motion to Dismiss argues that Plaintiffs have failed to state a claim for which relief may be granted and raises several issues.

## A. Laches

Defendants argue that Plaintiffs' claims are barred by the doctrine of laches, and that the general rule in civil service discharge cases is that an action must be brought within six months of the discharge unless there is a reasonable explanation for the delay. *See Dixon v. Cahill*, 295 N.E.2d 349, 352 (Ill.App.Ct., 1973). Gentry filed this action about a year after his original suspension, and Keel filed his claim about seven months after his suspension. Plaintiffs argue that their "reasonable explanation" for delay was that Defendants repeatedly assured them that they should not seek a hearing but should wait until they were reinstated, which would happen in "no time."

As Defendants have alleged, no prejudice that they suffer from the delay, and as the delay itself was not excessive, especially in Keel's case, the Court finds Plaintiffs' explanation reasonable and holds that the doctrine of laches does not bar their claims. *See id.* at 353 (noting laches inapplicable where plaintiff's delay caused by actions or statements of defendants).

## B. Plaintiffs' Procedural Due Process Claims Under Section 1983

As provided by 65 Illinois Compiled Statutes 5/10-1-18(b), "No officer . . . of a police . . . department . . . of any municipality . . . may be removed or discharged, or suspended for a period of more than 5 calendar days, except for cause upon

written charges and after an opportunity to be heard in his own defense." Plaintiffs argue (Counts I-II) that their procedural due process rights were denied when they were suspended without a hearing or written reasons.

Defendants, citing *Swick v. City of Chicago*, 11 F.3d 85 (7th Cir., 1993), argue that because Plaintiffs were still being paid during their administrative leaves, they were not deprived of any property interests. But *Swick's* narrow holding is that *nonpecuniary* dimensions of public office are not protected by due process rights. *Id.* at 87. The key question here is whether Plaintiffs were deprived of some pecuniary interest to which they were entitled. *Board of Regents of State College v. Roth*, 408 U.S. 564, 577 (1972). Plaintiffs allege that, while on administrative leave, they were excluded from pension benefits and unused sick pay, and Keel was denied retroactive pay and a raise that were extended to other commanders. As these alleged pecuniary deprivations are both "atypical" and "significant," *see Baerwald v. City of Milwaukee*, 131 F.3d 681, 683 (7th Cir., 1997), Plaintiffs' allegations are sufficient to avoid dismissal on this ground.

In order to succeed in a procedural due process claim, however, Plaintiffs must either avail themselves of state law remedies or demonstrate that those remedies are inadequate. *See Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir., 1996). Plaintiffs respond that exhaustion of state judicial or

administrative remedies is not a prerequisite for Section 1983 relief. *See Ellis v. Dyson*, 421 U.S. 426, 432 (1975). Plaintiffs are correct as far as this goes, but where a plaintiff has not yet availed himself of state remedies, he must demonstrate that those remedies would be inadequate. *See Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir., 2003). Plaintiffs have failed to do this, offering no reason why state courts cannot give them an adequate hearing on their claims under state law. *See Cote v. Village of Broadview,* 2009 U.S. Dist. Lexis 70213, *16 -*19 (N.D.Ill., 2009).

Plaintiffs also claim (Counts III-IV) that their procedural due process rights were violated when they were not allowed a chance to take a Sergeant's exam that would have afforded them a chance of promotion. *See* 65 Ill. Comp. Stat. 5/10-2.1-6(a). Plaintiffs do not claim that they had a right to the promotion, only that they had a right to be allowed to take the competitive exam. This claim fails, however, for the same reason as the previous one. Plaintiffs have not demonstrated that they have no adequate remedy in state court.

### C. Plaintiffs' Substantive Due Process Claims

Liberally construing the pleadings, as a court must do in the context of a Rule 12(b)(6) motion, *see Doherty*, 75 F.3d at 326, the Court finds that Plaintiffs' complaint may be fairly read as making a substantive due process claim. "Substantive due process protects

individuals from government action so arbitrary as to violate protected interests." *Bono v. Saxbe*, 450 F.Supp. 934, 941 (E.D.Ill., 1978). Plaintiffs have sufficiently alleged that arbitrary government action deprived them of protected property interests. To prevail on such a claim, however, Plaintiffs must also show the inadequacy of state remedies *or* allege an independent violation of some other substantive constitutional right. *Doherty*, 75 F.3d at 325. As already explained, Plaintiffs have not shown the inadequacy of state remedies. Neither have Plaintiffs alleged an independent constitutional violation.

The Plaintiffs' due process claims, both procedural and substantive (Counts I-IV), are therefore dismissed.

### D. Plaintiffs' Conspiracy Claims

Plaintiffs have alleged (Counts V-VI) that Defendants conspired against them to deny them their protected property interests by (1) agreeing to spread false rumors that Plaintiffs were under state police investigation and involved in illegal activities for which they would go to jail; (2) refusing Plaintiffs a chance to challenge their administrative suspension; (3) refusing Plaintiffs a chance to take the Sergeant's exam; (4) agreeing to place Plaintiffs on administrative leave to remove controversy surrounding Mayor Kellogg's re-election campaign; and (5) refusing Keel a pay increase given to other commanders on the force.

Defendants argue that the civil conspiracy claims are barred, however, by the intra-corporate conspiracy doctrine, which holds that "managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when acts within the scope of their employment are alleged to be discriminatory or retaliatory." *Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108, 110 (7th Cir., 1990).

Plaintiffs respond that the intra-corporate conspiracy doctrine does not apply where the discrimination is part of some broader discriminatory pattern. *See Hartman v. Board of Trustees of Community Coll. Dist. No. 508, Cook County, Ill.*, 4 F.3d 465, 470-71 (7th Cir., 1993). Indeed, the doctrine does not apply to cases involving numerous acts taken by numerous corporate agents. *Volk v. Coler*, 845 F.2d 1422, 1435 (7th Cir., 1988). Plaintiffs have, in fact, alleged a series of discriminatory acts – unexplained suspensions, pension benefits denied, denials of hearings, agreements to spread false and malicious rumors – all occurring over the course of a few years. These allegations are enough to place the alleged conspiracy outside the intra-corporate conspiracy exception.

But Defendants further argue that the conspiracy claims must be dismissed because they do not allege an underlying constitutional violation. In order to establish a *prima facie* case of civil conspiracy, a plaintiff must allege (1) an express or

implied agreement among defendants to deprive a person of his constitutional rights and (2) actual injury resulting from overt acts taken in furtherance of the agreement.  *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir., 1988).  Because Plaintiffs' due process claims, as explained above, are insufficient as stated, the conspiracy claim also fails for lack of an underlying constitutional violation.  The conspiracy claims (Counts V-VI) are therefore dismissed.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, Defendants' Motion to Dismiss is granted.  All counts of the Fifth Amended Complaint are dismissed without prejudice.

**IT IS SO ORDERED.**

                                                                                         /s/ 
                                                           _____
                                                           Harry D. Leinenweber, Judge
                                                           United States District Court

**DATE:** January 21, 2010